IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

BENNY R. BENTON                                                                                          PLAINTIFF
ADC #78917

V.                                          NO: 4:11CV00300 JLH/HDY

SHARON McGLOTHIN *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Benny R. Benton, an inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on April 6, 2011. On August 17, 2012, Defendants Sharon McGlothin and Christy Townsend filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #16-#18). Plaintiff filed a response on September 20, 2012 (docket entry #20), and Defendants filed a reply to that response on the same day (docket entry #21).

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he was dismissed from a rehabilitation program on February 25, 2011, because other inmates were ridiculing his mental illness. In their motion for summary judgment, Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their assertion that Plaintiff failed to exhaust his claims against them, Defendants have provided the declaration of Sherrie Williams, the ADC's Medical Grievance Investigator (docket entry #16-1). According to Williams, Plaintiff has filed six formal grievances since he was removed from the Substance Abuse Treatment Program ("SATP"), and he did not

appeal any of them to the ADC's Deputy Director for Health and Correctional Programs, which is the final step in the grievance appeal procedure, and is required to fully exhaust administrative remedies pursuant to ADC policy. Plaintiff does not contest Defendants' claim that he failed to fully exhaust any grievance, but suggests that he was unable to do so because the unit grievance coordinator "persuaded" him to "retract" his grievance. In their reply, Defendants argue that Plaintiff's use of the grievance procedure to file the six grievances demonstrates that the procedure was available, and that he understood how to use it.

Plaintiff is in essence claiming that he should be excused from the PLRA's exhaustion requirement because the grievance procedure was not "available" to him. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)). Plaintiff's theory appears to be that he was tricked into not fully appealing his grievances. However, there is no dispute that Plaintiff was able to file six grievances without difficulty, nor is there any dispute that the prison had an administrative remedy procedure. Plaintiff's subjective beliefs regarding the availability of the procedure is not controlling. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)(inmate's subjective belief about availability of administrative remedies is not addressed in § 1997e(a); issue is whether remedy is available). Moreover, even if Plaintiff was somehow prevented from fully appealing the grievances he filed, and the Court were to consider the grievances exhausted, none of the grievances Plaintiff filed can be relied upon to establish proper exhaustion. ADC policy requires grievances to be specific as to the personnel involved (docket entry #16-1, page #62). None of the grievances Plaintiff filed identifies a complaint against either Defendant (docket entry #16-1, pages #87-#92). The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones*

*v. Bock*, 549 U.S. 199, 218 (2007). Thus, even if the grievances Plaintiff filed are considered to have been exhausted, Plaintiff failed to exhaust any grievance against either Defendant, and they are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant's motion for summary judgment (docket entry #16) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   25   day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE